### Paul McCRORY alias Curley v. STATE. (No. 12327.)

Court of Criminal Appeals of Texas. Dec. 19, 1928.

W. J. Arrington and B. B. Greenwood, both of Breckenridge, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being 1½ years in the penitentiary.

Appellant has filed an affidavit advising this court that he does not wish to further prosecute his appeal, and at his request the appeal is dismissed.

### J. C. NELSON v. STATE. (No. 11994.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

Clark Wills, of Amarillo, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for swindling, obtaining $100 by executing therefor a worthless check. Punishment is four years in the penitentiary.

No complaint is manifested of any procedure during the trial. The statement of facts has been carefully examined. It is useless to set out the evidence, which to us appears amply sufficient to support the verdict and judgment.

The judgment is affirmed.

### J. C. NELSON v. STATE. (No. 11993.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

Clark Wills, of Amarillo, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, perjury; penalty, five years.

No bills of exception appear in the record. The only question remaining is the sufficiency of the indictment and of the evidence. We have examined both, and they are each legally sufficient in our opinion.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### Fred PHILLIPS v. STATE. (No. 12019.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

F. O. Fuller, of Houston, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is murder. The record is void of statement of facts or bills of exceptions. No questions of law are presented for review.

The jury assessed against the appellant a penalty of confinement in the penitentiary for a period of 10 years. The court, in rendering the judgment and sentence, failed to take note of the provisions of the Indeterminate Sentence Law (Laws 1913, c. 132, as amended by Laws Ex. Sess. 1913, c. 5), requiring that the judgment and sentence condemn the appellant to confinement in the penitentiary for an indeterminate period of not less than 2 nor more than 10 years. The judgment will be reformed, to accord with the terms of the Indeterminate Sentence Law, and, as reformed, the judgment is affirmed.

### Fred RUSSELL v. STATE. (No. 12290.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

Upon his plea of guilty, appellant was adjudged guilty, and the record is brought here without any bills of exception or statement of facts. Everything pertaining to the trial seems regular.

No error appearing, the judgment is affirmed.